# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| DEBRA BRUSCH, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 3-19-cv-00415 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's Motion to Dismiss (Doc. No. 14) the claim brought by Debra Brusch ("Mrs. Brusch") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Among other things, Defendant contends that Mrs. Brusch did not fulfill a substantive prerequisite to this suit by filing a certificate of good faith with the Complaint as required by the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, et seq. ("THCLA"). Defendant argues the Complaint must be dismissed with prejudice. Mrs. Brusch seeks to file an amended complaint with a certificate or have the case dismissed without prejudice.

Mrs. Brusch's claims arise out of the alleged failure to adequately diagnose and treat her now-deceased husband's complex medical conditions. She makes allegations of "medical malpractice" and invokes the "standard of care." (Doc. No. 1.) Accordingly, Mrs. Brusch's claim is a "health care liability action" under the THCLA.[1] Tenn. Code Ann. § 29-26-101. The THCLA requires that in any health care liability action in which expert testimony is required, the plaintiff

---

[1] Because the alleged acts in this case occurred in Tennessee, the law of Tennessee applies. See, e.g., Matthews v. Robinson, 52 F. App'x 808, 809 (6th Cir. 2002) (applying medical malpractice law of state in which FTCA claim brought); 28 U.S.C. § 1346(b)(1).

must file an expert's certificate of good faith with the Complaint attesting that there is a good faith basis to bring the action. Tenn. Code Ann. § 29-26-122.

Mrs. Brusch does not dispute that she failed to file a certificate of good faith. (See Doc. No. 20.) In the response to the motion to dismiss with prejudice, Mrs. Brusch moves the Court to (1) allow her to amend the Complaint to obtain and include the certificate to "cure the defect," or (2) dismiss the case without prejudice so that she may "obtain the certificate and refile her complaint." (Doc. No. 20 at 3.)

Under the THCLA, a health care liability action not accompanied by a certificate of good faith must, upon motion, be dismissed with prejudice. Tenn. Code Ann. § 29-26-122(a), (c); Ellithorpe v. Weismark, 479 S.W.3d 818, 829 (Tenn. 2015) (failure to provide certificate of good faith with complaint under § 29-26-122 requires "dismissal *with* prejudice") (emphasis in original)); Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 308-09 (Tenn. 2012) (filing of certificate of good faith with complaint under § 29-26-122 is "fundamental," "mandatory," not "procedural," and failure to comply requires dismissal with prejudice). The Sixth Circuit has held that the THCLA's notice and certification requirements are mandatory in cases brought in federal court. Reed v. Speck, 508 F. App'x 415, 423 (6th Cir. 2013). The only exceptions to this firm rule are if a plaintiff demonstrates that the failure was due to the medical provider not timely producing medical records requested, or demonstrates extraordinary cause. Tenn. Code Ann. § 29-26-122(a), (c).

Because the extent of the United States' liability under the FTCA is determined by reference to state law, Brown v. United States, 583 F.3d 916, 919-20 (6th Cir. 2009), "federal law incorporates state substantive law for the purposes of FTCA claims." Eiswert v. United States, 322 F. Supp. 3d 864, 877 (E.D. Tenn. 2018); see also 28 U.S.C. § 2674. Accordingly, "on this FTCA

claim the Court must apply Tennessee substantive law." Eiswert, 322 F. Supp. 3d at 875. The THCLA's pre-suit notice and certification requirements are substantive, not procedural, state law. See, e.g., Shuler v. Baptist Mem. Health Care Corp., No. 2:12-cv-2498, 2012 WL 12899059, at *2 (W.D. Tenn. Oct. 1, 2012);[2] Litton v. Wellmont Health Sys., No. 2:11-CV-257, 2012 WL 4372375, at *4 (E.D. Tenn. Sept. 24, 2012); Conrad v. Washington Cty., No. 2:11-CV-106, 2012 WL 554462, at *2 (E.D. Tenn. Feb. 21, 2012). Thus, in the context of THCLA pre-suit certifications, a "[p]laintiff may not use federal procedural law to circumvent the requirements of state substantive law." Miller v. Uchendu, No. 2:13-cv-02149-JPM-dkv, 2013 WL 4097340, at *5 (W.D. Tenn. Aug. 13, 2013); see also Eiswert, 322 F. Supp. 3d at 875 n.5 (reaching same conclusion and observing that "this is not a situation where Tennessee substantive law and federal procedural law, i.e., Federal Rule of Civil Procedure 15, are at odds").

Tennessee federal courts adhere to the THCLA's statutory certification requirements despite available federal procedural remedies. For example, in Duncan v. Medical Education Assistance Corporation, No. 2:12-CV-182, 2013 WL 1249574, at *1 (E.D. Tenn. Mar. 27, 2013), the plaintiffs, who had not filed a certificate of good faith, sought leave to voluntarily dismiss their complaint without prejudice pursuant to Federal Rule of Civil Procedure 41 to allow them to re-file their complaint with a certificate to "cure" the deficiency. Citing the "strict" and "mandatory" substantive language of the THCLA and Myers, the court held that "failure to comply with requirements that are 'precisely stated' requires dismissal with prejudice." Id. Quoting a Tennessee court that held the THCLA "does not authorize a plaintiff to cure deficiencies by filing an amended

---

[2] Some cases cited herein are diversity, as opposed to FTCA, THCLA actions. These are analogous because both require application of state substantive law. Compare Biegas v. Quickway Carriers, 573 F.3d 365, 374 (6th Cir. 2009) ("Under the Erie doctrine, federal courts sitting in diversity apply the substantive law of the forum state and federal procedural law.") with Brown, 583 F.3d at 919-20 (FTCA liability determined by applying state substantive law).

complaint," the court concluded that the plaintiffs were "likely stuck with what they file, or fail to file, with their original complaint." Duncan, 2013 WL 1249574, at *3 (quoting Vaughn v. Mountain States Health Alliance, No. E2012-01042-COA-R3-CV, 2013 WL 817032, at *6 (Tenn. Ct. App. March 5, 2013), overruled on other grounds by Davis ex rel. Davis v. Ibach, 465 S.W.3d 570 (Tenn. 2015)).

Other cases mirror this result. In Litton v. Wellmont Health Systems, the plaintiff made a "cursory attempt" to amend under Federal Rule of Civil Procedure 15. The court rejected the argument that Rule 15 overrides Tennessee substantive law in the context of THCLA substantive requirements that punish failure to file a certificate of good faith with dismissal with prejudice. 2012 WL 4372375, at *4. Likewise, in Eiswert v. United States, the plaintiffs moved to amend the complaint to add the certificate that they had failed to file. After the the Magistrate Judge denied the request and the plaintiffs objected, and the District Judge found the ruling "was correct in that a deficiency in a complaint by failing to comply with sections 29-26-121 and -122 cannot be cured by amending the complaint." 322 F. Supp. 3d at 875 n.5. Finally, in Miller v. Uchendu, the court was asked to use its inherent discretion to consider later-filed documents that a plaintiff did not attach to his THCLA complaint. It declined on the ground that "Tennessee [c]ourts do not allow later filings to cure the failure of a plaintiff to strictly comply with the notice requirements of the [THCLA]." 2013 WL 4097340, at *5. The court stated that it would not allow supplemental filings "months after" the filing of the complaint "to cure Plaintiff's failure to strictly comply with the notice requirements of the [THCLA]," particularly where the plaintiff had "not demonstrated any cause for his failure[.]" Id.

It is not a surprise, then, that both the Sixth Circuit and this court have noted that invoking a federal procedural rule such as a motion to amend under Rule 15 would only be appropriate if a

4

plaintiff could meet the substantive requirements of the THCLA – that is, the express THCLA exception of demonstrating extraordinary cause under Tenn. Code Ann. § 29-26-122(c). See Southwell v. Summit View of Farragut, LLC, 494 F. App'x 508, 512 (6th Cir. 2012); Heard v. Parker, Case No. 3:17-cv-01248, 2018 WL 6435863, at *9 n.7 (M.D. Tenn. Dec. 6. 2018). In Heard, for example, a motion to amend was not yet pending. But after concluding dismissal for failure to file a THCLA certification was mandatory, Judge Trauger cautioned the plaintiff that any such request would have to show exactly what the THCLA requires – "extraordinary cause excusing compliance." Heard, 2018 WL 6435863, at *9 n.7. This is a high bar.

While leave to amend is typically "freely given" under Rule 15, in this particular circumstance it is not appropriate to circumvent the substantive law of the THCLA in deference to a federal procedural rules. Further, to the extent that Mrs. Brusch has moved to amend, she has made no attempt to explain *any* extraordinary circumstance concerning her failure to comply with the certification requirement, let alone to contend that anything outside of her control caused the lapse. (See Doc. No. 20.) Nor can the Court discern any from the record.

That the Court would typically have more leeway under the Federal Rules of Civil Procedure casts this outcome in an unfortunate light. Indeed, as Judge Greer stated in Litton:

> This Court realizes that this is a harsh result, for it seems a mere technicality requires dismissal of the suit. The Court further understands that the purpose of the pre-suit Notice and Certificate of Good Faith requirements are designed to reduce the number of frivolous lawsuits and to facilitate early resolution of cases through settlement. . . . Nonetheless, Tennessee case law, which this Court must follow . . . , dictates a different result. Although this Court may not agree with the statutory requirements and the result in this case, it is the Tennessee legislature, and not this Court, that drafts the laws of the state. Any change to a law that may seem to some unjust must come from the legislature. This Court will not use federal procedural law, i.e. Federal Rule of Civil Procedure 15, to subvert Tennessee substantive law.

Litton, 2012 WL 4372375 at *4 (internal citations omitted); see also Eiswert, 322 F. Supp. 3d at 878 ("The Court once again states its dissatisfaction with this outcome."). This Court concurs that the THCLA imposes rigorous obligations that in some instances may operate to preclude consideration of cases on the merits. However, applying the substantive provisions of the THCLA and current authority, neither amendment under Rule 15 nor dismissal without prejudice are appropriate remedies for Mrs. Brusch's failure to comply with the certification requirement of the THCLA.

Defendants' Motion to Dismiss (Doc. No. 14) is **GRANTED**. This case is dismissed with prejudice.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE